THOMAS HARRISON and another *v.* AQUILA B. MARSHALL.

An action for negligence resulting in the wrongful injury of a chattel, may be prosecuted against a bailee for hire, although the contract of hiring was made on Sunday.

A person who hires a chattel to another may maintain an action for damages caused by the negligence of the bailee, although such person has only a special property in, and right to the present possession of the chattel.

THE plaintiffs, being the proprietors of a livery stable, received from the owner a horse, with the understanding that they might use the animal, and if they were satisfied, become the purchaser thereof. While in possession under this arrangement, they hired the horse upon a Sunday to the defendant. They afterwards instituted this action against the defendant, to recover the value of the horse, alleging that he had died from the effects of over driving and negligence on the part of the defendant. The Marine Court gave judgment against the plaintiffs, and they appealed to this court.

*John S. Patterson* and *Henry W. Eastman*, for the plaintiffs.

*John D.* and *Thomas D. Sherwood*, for the defendant.

BY THE COURT. INGRAHAM, FIRST J.—The defendant's counsel has argued this appeal on the supposition that the action was in effect the same as trover, and that although a partial contract for the purchase of the horse had been made between the owner and the plaintiffs, still no contract had been concluded, and the title was still in the original owner. White, the plaintiff's counsel, has argued the case on the supposition that the old action of trespass was the one, and the rules governing that action heretofore were applicable.

The action, however, is neither trover nor trespass. It may

Harrison v. Marshall.

be founded either on the contract of hiring between the plaintiffs and the defendant, by which the defendant is held to an implied promise to take care of the property and to return it in good condition; or it may be in case for the negligence of the defendant in not using proper care in driving the horse hired by him for the plaintiffs. In neither form of action were the plaintiffs required to show a title to the property injured. They had, at the time, the right of possession under an agreement with the former owner, which gave them full possession against all the world, except such owner, and, under any contract made by them with a third person, they could recover. To maintain case for negligently injuring property entrusted to the defendant's care, the action may be brought in the name of the party having a special interest in the property, more especially where such person has made himself responsible to the real owner for the property.

Whether or not the horse was injured by the negligence of the defendant in driving him improperly, was a question of fact for the court below. The evidence was such, that upon a finding either way, we would not interfere with it. It however clearly appears, that the justice has not passed on that question. He put his decision on the first ground, viz., that the plaintiffs had not a sufficient title in the horse to maintain this action.

It is objected that the hiring having been made for Sunday was unlawful, and therefore the plaintiffs could not recover. The action, however, is not for the proceeds of the hiring, but for damages for a wrong done, and for such wrong I suppose the plaintiffs may recover, although they could not recover the price agreed to be paid for hiring.

The justice erred in dismissing the complaint, because the plaintiffs only had a special title to the property. The judgment should be reversed.

Judgment reversed.