There is nothing in the facts of this case which could excuse the defendant from liability for the loss as a common carrier. The immediate cause of the accident and loss was the contact of the defendant's vessel with the *Page 121 
obstruction in the river. This obstruction was the mast of a sloop which had sunk in a squall two days previous. It was out of water fifteen or sixteen feet at low water, and was visible the preceding Saturday and Sunday. This was not an inevitable accident within the meaning of the term, as used in law. It might have been avoided. The squall which sunk the sloop was not the immediate proximate cause of this accident, though it may have been that of sinking the sloop. It was but the remote or secondary cause of the accident in question, and affords no shield to the defendant. (Edwards on Bailm. 455, 456; Story on Bailm., § 517; McArthur v. Sears, 21 Wend. 190.)
The fact that the contract was made and the property delivered on board the vessel on Sunday does not exempt the defendant from liability for the loss of the property. The loss did not happen on Sunday, and it was not within the contemplation of the parties when making the contract, that it would or could be wholly performed on that day. As a contract, I do not think it comes within the purview of the statute. It was not strictly a contract for servile labor, although labor of that kind would necessarily be employed, to some extent, in its performance by the defendant. But even if it was, the contract was only to be entered upon on that day, and completed the next day in the usual course of the business of the defendant's vessel. The statute only prohibits servile working and laboring on that day, and can be construed to avoid such contracts only as are for work or labor of that description to be wholly performed on that day. Hence it has been held that a contract made on Sunday to work for a year was good, and not within the statute; (The King v. The Inhabitants ofWhitnash, 7 B. C. 596); and in Sandiman v. Breach
(7 id. 100), it was held that the statute did not include the driver and owner of a stage-coach, and that the plaintiff might recover damages of the owner of the coach for not transporting him on Sunday in pursuance of a contract to be *Page 122 
executed on that day; inasmuch as the statute did not make it illegal for stage-coaches to travel on that day. The statute does not prohibit the transportation of property on the Sabbath, either by land or by water, and therefore a contract made for the transportation of property on that day would not come within the prohibition. At common law the observance of the Sabbath was a duty of imperfect obligation. (Rex v. Brotherton, 2 Str. 702.) Any private business may be lawfully done which the statute does not prohibit, and all contracts relating thereto are valid. (Boynton v. Paige, 13 Wend. 425.) It was held in Harrison
v. Marshall (4 E.D. Smith, 271), that in an action for an injury to a thing hired, it was no defence that it was hired on Sunday. In Massachusetts it has been held that a promissory note made on Sunday is good (Geer v. Putnam, 10 Mass. 311.)
But even if the contract was so far void that it could not be enforced as an executory contract, it would constitute no defence to this action. The liability of a common carrier does not rest in his contract, but is a liability imposed by law. It exists, independently of the contract, having its foundation in the policy of the law, and it is upon this legal obligation that he is charged as carrier for the loss of property entrusted to him. (Edwards on Bailm. 466; Hollister v. Nowlen, 19 Wend. 239;Ansell v. Waterhouse, 1 Chitty R. 1.)
It is clear, in any view of the case, that the defendant became, and was, the common carrier of this property, and of course all the duties and liabilities pertaining to that character attached to him in reference to such property. He is therefore liable for the loss, even if the contract in other respects could not be enforced by reason of the day on which it was made, which I do not think is the case. It would scarcely do to hold a common carrier exempt from the ordinary liability, because it was understood between the parties at the time of the undertaking that *Page 123 
the property for some portion of the time and distance was to be transported on the Sabbath. That would be extending the statute for the observance of Sunday far beyond its object and intention. I am of the opinion, therefore, that the judgment was right, and should be affirmed.
All the judges concurring, judgment affirmed. *Page 124